UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| JOHN NORMAN HUFFINGTON<br><br>    Plaintiff,<br><br>v.<br><br>DAVID SANEMAN, et al.<br><br>    Defendants. | Case No. 1:25-cv-02313<br><br>Hon. Brendan Abell Hurson |

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND
TO DEFENDANT COMEN'S AMENDED MOTION TO DISMISS OR, IN THE
ALTERNATIVE, RULING THAT PLAINTIFF'S RESPONSE DEADLINE IS
NOVEMBER 18, 2025, GIVEN THE AMENDED FILING**

Plaintiff John Huffington, by and through his counsel, respectfully requests that the Court extend the time for Plaintiff to respond Defendant Estate of Gerard Comen's Amended Motion to Dismiss (Doc. 38), which incorporates the Estate's original motion to dismiss arguments (Doc. 25, 28), for 28 days, until December 5, 2025.

Plaintiff's counsel corresponded by email with the Estate's counsel on November 4 and 5, 2025, and by telephone on November 5, 2025, in an attempt to reach an agreement on this motion. However, Defendant Comen Estate opposes the relief sought here, as described further below. Plaintiff states the following in support:

1.    Plaintiff filed his Complaint on July 16, 2025 (Doc. 1), and then his First Amended Complaint on September 9, 2025, which was limited to updating certain estate defendants to identify their personal representatives (Doc. 14).

2.    Defendant Comen Estate filed its Motion to Dismiss Plaintiff's First Amended Complaint on October 10, 2025 (Doc. 25) and again on October 14, 2025 (Doc. 28). Both filings (Doc. 25, 28) appear identical and their dual entry seems to be inadvertent error. Based on the date of

the earlier filing (Doc. 25) and pursuant to L.R. 105(2)(a), Plaintiff's response to Defendant Comen's first Motion (Doc. 25, 28) was originally due October 24, 2025.

3. On October 17, 2025, pursuant to L.R. 105(9), Plaintiff's counsel (Jay Kasperbauer) conferred with counsel for Defendant Comen (Jeffrey Comen) to request a 14-day extension of time, up to and including November 7, 2025, for Plaintiff to respond. Counsel for Defendant Comen did not object to Plaintiff's requested extension but informed counsel that he would not agree to any further extensions.

4. Between October 24 and November 1, 2025, four (4) more Defendants filed their respective Motions to Dismiss: Defendant Harford County (Doc. 33) and Defendant David Saneman (Doc. 34) on October 24, 2025; Defendant Joseph Cassilly Estate (Personal Capacity) on October 27, 2025 (Doc. 35); and Defendant Wesley Picha Estate on November 1, 2025 (Doc. 37).

5. On November 4, 2025, after conferring with counsel for Defendants Harford County and David Saneman, Plaintiff filed his Consent Motion for Extension of Time (Doc. 39) to respond to Harford County and Saneman's motions to dismiss. This Court granted (Doc. 41) Plaintiff's Motion, allowing Plaintiff until December 5, 2025, to respond to both motions (Doc. 33, 34).

6. On November 4, 2025, Defendant Comen Estate filed his Amended Motion to Dismiss Plaintiff's First Amended Complaint, incorporating all his prior arguments from his original motion to dismiss and incorporating all previously filed motions to dismiss and their respective arguments and grounds for dismissal. (Doc. 38.)

7. On November 4-5, 2025, Plaintiff's counsel (John Marrese) conferred with counsel for Defendant Comen Estate (Jeffrey Comen) to confirm that Plaintiff has 14 days from the filing of Defendant Comen's Amended Motion (Doc. 38) to respond, pursuant to L.R. 103(6) and Rule 15(a)(3) of the Federal Rules of Civil Procedure. Counsel for Defendant Comen Estate objected on the

2

grounds that Plaintiff is required to respond to Defendant's original 12(b)(6) motion by the agreed upon date of November 7, 2025, and then respond to the amended 12(b)(6) motion at a later time.

8. Defendant Comen Estate raises several new arguments in his Amended Motion by incorporating the arguments of multiple other Defendants' motions to dismiss. (*Compare* Doc. 25 & Doc. 38.) His original Motion (Doc. 25) argues that Plaintiff's claims are barred by statute of limitations, prosecutorial (absolute) immunity, failure to state a claim, and laches. In his Amended Motion, by way of incorporation, Defendant Comen now argues Plaintiff's claims are also barred by collateral estoppel, judicial estoppel, and res judicata. (Doc. 38, ¶¶ 2-3.) By incorporating all arguments of other Defendants, Defendant Comen presumably further incorporates arguments of qualified immunity which he did not raise in his original motion.

9. In short, because Defendant Comen Estate's arguments have expanded considerably as of yesterday's filing, Plaintiff requires and requested from counsel for Defendant Comen: (1) an extension until December 5, 2025, to respond to the Amended Motion; or in the alternative (2) agreement that Plaintiff's deadline to respond is now November 18, 2025 (i.e., 14 days from the November 4 amended filing). Counsel for Defendant Comen Estate objected to both positions.

10. On November 4, 2025, Defendant Joseph Cassilly (Official Capacity) filed its Motion to Dismiss. (Doc. 42.) (Counsel for Defendant Cassilly (Official Capacity) has agreed to a deadline of December 5, 2025, for a response. Plaintiff will be filing a consent motion to that end shortly.)

11. To date, Plaintiff has six (6) separate pending Motions to Dismiss against his Amended Complaint, most of which raise grounds for dismissal that have recently been incorporated into Defendant Comen Estate's Amended Motion. (Doc. 38.)

12. Given the other pending motions and the overlap in legal arguments given Comen's amended/incorporated filing, Plaintiff requests an extension of time, up to and including December 5, 2025, for Plaintiff to respond Comen's Amended Motion (Doc. 38). This would mean Plaintiff

would file his response to Comen's brief the same day as the other responses incorporated by reference.

13. No party will be prejudiced if the requested relief is granted. This request for relief is not posed for any vexatious or contumacious purpose.

14. In the alternative, in the event the Court is inclined to deny the extension to December 5, 2025, Plaintiff requests that the Court order that Plaintiff is required to file only one response to the Amended Motion by November 18, 2025. . Federal Rule of Civil Procedure 12(b)(6) does not permit successive motions and, therefore, does not require piecemeal, successive responses. Nor is the Estate's motion styled as successive; it is styled as Amended and therefore prompts one response to the amended pleading within 14 days of filing pursuant to the local rules. While Plaintiff believes that is consistent with Federal Rule of Civil Procedure 12 and the Local Rules, Plaintiff requests this ruling in the alternative only given that Defendant Comen Estate's disagrees and takes the position that Plaintiff should file two responses – one to the original motion and one to the amended.

WHEREFORE, Plaintiff John Huffington, respectfully requests that the Court extend his time to file his response to Defendant Comen Estate's Amended Motion to Dismiss, up to and including December 5, 2025, and grant any such other relief as necessary.

Respectfully submitted,

Date:   November 5, 2025                    JOHN HUFFINGTON

/s/   *John Marrese*
     One of Plaintiff's Attorneys

Hannah Ernstberger
SALLER ERNSTBERGER & MCELROY
10 South Street, #600
Baltimore, MD 21202
(410) 783-7945
hernstberger@sallerlaw.com

Brian Eldridge*
John Marrese*
Jay Kasperbauer*
HART MCLAUGHLIN & ELDRIDGE, LLC
One South Dearborn, Suite 1400
Chicago, IL 60603
(312) 955-0545
beldridge@hmelegal.com
jmarrese@hmelegal.com
jkasperbauer@hmelegal.com

*Admitted pro hac vice