IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN NORMAN HUFFINGTON, | * |
| *Plaintiff*, | * |
| v. | *   Civil Action No.: 1:25−cv−02313−BAH |
| DAVID SANEMAN, *ET. AL*, | * |
| *Defendants*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ESTATE OF GERARD COMEN'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION (DOC. 58)**

The Estate of Gerard Comen (Comen), a defendant in the above captioned matter, files this Reply to Plaintiff's Response in Opposition (Doc. 58.)

1.  While it is noted that the "Plaintiff is not seeking any compensatory [or punitive] recovery" from the Estate of Comen (Doc. 58, p. 15) in this action, the Plaintiff nevertheless seeks to sully the reputation of a state prosecutor that retired to the grave completely unmarred.  Thus, the points previously raised concerning the amount of time that has passed since 1981 and Mr. Comen's obvious inability to defend himself remain directly on point.

2.  The Plaintiff simply waited too long to bring suit against Comen, to his extreme detriment.  Relative to the statute of limitations, the Plaintiff openly admits that "The Fourth Circuit Court of Appeals has not addressed [whether] a governor's executive order pardoning a criminal defendant satisfies *Heck's* favorable termination requirement."

(Doc. 58, p. 4.)  In the same breath, the Plaintiff cites *Attorney Grievance Commission of Maryland v. Cassilly*, 476 Md. 309 (2021), for the proposition that a laches defense was rejected in a companion attorney discipline case arising out of this matter. (Doc. 58, p. 15.)

What the Plaintiff fails to acknowledge about *Cassilly* is that Maryland's highest state court, in a laches context, very persuasively pinpointed a "favorable termination" date that should trigger the beginning of limitations for Huffington.  That date is the date that Huffington "was no longer in jeopardy of a criminal conviction", or November 9, 2017. *Cassilly*, Slip op. at 33-34 (Attached.)

In *Cassilly,* Huffington filed his disciplinary complaint with the Maryland Attorney Grievance Commission (AGC) a year after entering *Alford* pleas, being sentenced to time served, thus concluding his criminal case.  *Cassilly*, Slip op. at 33.  According to the face of Huffington's First Amended Complaint, the plea, sentence and conclusion occurred on November 9, 2017.  (Doc. 16, ¶145.)  The Supreme Court of Maryland believed that this date when Huffington "was no longer in jeopardy of a criminal conviction" satisfied the "favorable termination requirement."  Measuring the timeliness of Huffington's AGC filing from November 9, 2017, the Court said that ". . . Huffington acted promptly in filing the [AGC] complaint once he was no longer in jeopardy of a criminal conviction." *Cassilly,* Slip op. at 34.

This Court should likewise find the "no longer in jeopardy of a criminal conviction" standard used in *Cassilly* to be persuasive and rule that it satisfies *Heck's* favorable termination requirement to trigger limitations.  It makes no discernable difference that

2

*Cassilly* was decided in a laches context. The principle remains the same whether limitations or laches are at issue. What event informed, or should have informed, Huffington of a favorable termination of his criminal case ("concluding it" in the words of the Supreme Court of Maryland), thus exciting inquiry into any civil remedies? The Supreme Court of Maryland measured by the date he was "no longer in jeopardy of a criminal conviction", or November 9, 2017.

Although the *Cassilly* opinion is not fully binding on this Court, it is persuasive. Decisions of a state's highest appellate court have been held to be persuasive within the federal district in which they sit. This holds true in Maryland. *United States v. Johnson*, 114 F. Supp. 2d 731 (D. Md. 2000); *Harris v. Jones*, 471 F. Supp. 1161 (D. Md. 1979). In addition, the *Cassilly* opinion arises out of a companion case.

Measuring from the "no longer in jeopardy of a criminal conviction" date of November 9, 2017, Huffington did not come close to filing suit in a timely fashion. The Complaint should be dismissed as to Comen.

                                            Respectfully Submitted,

                                            ESTATE OF GERARD COMEN

                                            _____/s/_____
                                            BY JEFFREY GERARD COMEN, as Personal
                                            Representative (Bar No. 08996)
                                            4 Dalebrook Drive
                                            Phoenix, Maryland 21131
                                            443-564-1902 (cell)
                                            jgc2646@verizon.net

Dated: January 29, 2026          For Defendant Comen

### CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2026, the foregoing document was served on all parties or their counsel of record either through the CM/ECF system or *via* regular mail, or both.

_____/s/_____
Jeffrey G. Comen
