IN THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN NORMAN HUFFINGTON, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:25-cv-02313-BAH |
| | * | |
| DAVID SANEMAN, ET. AL., | | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant, State's Attorney for Harford County ("the State's Attorney"), by her undersigned counsel, files this reply memorandum in support of her motion to dismiss.

**INTRODUCTION**

In Mr. Huffington's Response in Opposition to the Motion to Dismiss of the State's Attorney for Harford County, he argues that the State's Attorney (1) is not entitled to Eleventh Amendment immunity for the official claims; (2) is subject to *Monell* claims under 42 U.S.C. § 1983; and (3) that the official capacity claims against the State's Attorney are not barred by the statute of limitations. Mr. Huffington's arguments lack legal support and must be disregarded.

# ARGUMENT

**I.   PLAINTIFF'S CLAIMS ARE BARRED BY ELEVENTH AMENDMENT IMMUNITY.**

There is no reported case in which a federal court has found that a State's Attorney in Maryland is not entitled to Eleventh Amendment immunity. The overwhelming majority of reported cases addressing this issue has found that the State's Attorney is a state official who is entitled to Eleventh Amendment immunity[1].  *See Borkowski v. Baltimore County*, *Maryland*, 414 F. Supp. 3d 788, 808 (D. Md. 2019) ("individuals sued in their official capacity as state agents are entitled to Eleventh Amendment immunity. A State's Attorney is, by definition, a "State Official." Md. Code, Gen. Prov. § 5-101(ll) (5) ("'State official' means...a State's Attorney[.]"); *see also* Md. Code, State Gov't § 12-101(a)(8) (("'State personnel' means... a State's Attorney of a county or Baltimore City, or an employee of an office of a State's Attorney[.]"). *See also Holloman v. Rawlings-Blake*, No. CIV. CCB-14-1516, 2014 WL 7146974, at *4 (D. Md. Dec. 12, 2014) ("claims [against the State's Attorney]… would be barred by the Eleventh Amendment. *See Regents of Univ. of Cal. v. Doe,* 519 U.S. 425, 429 (1997); *Constantine v. Rectors & Visitors of George Mason Univ.,* 411 F.3d 474, 479 (4th Cir. 2005). State's Attorney Bernstein is a state official under Maryland law. *See* Md. Const. art. V, § 7 ("There shall be an Attorney for the State in each county and the City of Baltimore, to be styled 'The State's Attorney' ...."); *Kelly v. Covington*, No. CIV.A. DKC 14-1636, 2015

---

[1] In *Lowery v. Prince George's County, Maryland*, 960 F. Supp. 952 (D. Md. 1997), this Court declined to make a finding whether the State's Attorney was entitled to Eleventh Amendment immunity.

WL 1210695, at *4–5 (D. Md. Mar. 16, 2015) citing *Joseph v. Maryland,* No. WDQ–13–0402, 2014 WL 494578, at *4 n. 21 (D.Md. Feb.5, 2014). "A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and "[a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (citations omitted).

## II.  THERE IS NO MONELL LIABILITY FOR THE ACTIONS OF A STATE OFFICIAL.

State officials acting in their official capacities are not "persons" within the meaning of § 1983 in complaints for monetary damages and are not subject to suit in their official capacities under the act. *Lowery v. Prince George's County, Maryland*, 960 F. Supp. 952, 959 (D. Md. 1997) citing *Will,* 491 U.S. at 65–68. Per the Maryland Constitution and statutes, cited in Section I, a State's Attorney is a state official and not subject to liability.

## III.   PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

The official capacity claims against the State's Attorney are a Monell liability claim relating to non-disclosure of exculpatory material and a Monell liability claim relating to evidence fabrication and witness coercion. There is no official capacity claim for malicious prosecution, and thus, Mr. Huffington's arguments about an appropriate statute of limitation for a malicious prosecution claim do not apply.

The allegations in the complaint clearly show that Mr. Huffington had knowledge of a claim (or potential one) for non-disclosure of exculpatory material and for evidence fabrication and witness coercion when he filed his grievance with Bar Counsel. His

claim was filed more than three years before he filed this lawsuit. Therefore, the lawsuit for the official claims against the State's Attorney is barred by limitations.

## INCORPORATION BY REFERENCE

The State's Attorney, in an official capacity, incorporates by reference the arguments made by co-defendants.

## CONCLUSION

For the reasons above and the reasons stated in the memorandum in support of the motion to dismiss, the State's Attorney for Harford County respectfully requests that the official claims be dismissed.

                                          Respectfully submitted,

                                          ANTHONY G. BROWN
                                          Attorney General of Maryland

                                          /s/ Wendy L. Shiff
                                          _____
                                          WENDY L. SHIFF
                                          Assistant Attorney General
                                          Federal Bar No. 09076
                                          Office of the Attorney General
                                          200 Saint Paul Place, 20th Floor
                                          Baltimore, Maryland  21202
                                          wshiff@oag.state.md.us
                                          (410) 576-6996
                                          (410) 576-6955 (facsimile)

January 30, 2026

                                          Attorneys for Defendant
                                          State's Attorney for Harford County
                                          (official claims)

## CERTIFICATE OF SERVICE

I certify that, on this 30th day of January, 2026 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Wendy L. Shiff
_____
Wendy L. Shiff