# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

_____

Case No.: 1:25-CV-02313-BAH

_____

JOHN HUFFINGTON,

*Plaintiff,*

v.

DAVID SANEMAN, et al.,

*Defendants.*

_____

| | |
|---|---|
| J. Ethan Clasing (CPF# 1906190017) | Jefferson Blomquist (CPF# 831010046) |
| Assistant County Attorney | County Attorney |
| jeclasing@harfordcountymd.gov | Harford County Department of Law |
| | 220 South Main Street |
| Joseph G. Comeau (CPF# 1412160172) | Bel Air, Maryland 21014 |
| Litigation Attorney | (410) 638-3205 – phone |
| jgcomeau@harfordcountymd.gov | (410) 879-7651 - fax |
| | jlblomquist@harfordcountymd.gov |

## TABLE OF CONTENTS

TABLE OF CITATIONS .................................................................... ii

OVERVIEW ................................................................................... 1

ARGUMENT.................................................................................. 3

   A. The State is obligated to defend and indemnify the State's Attorney
      Defendants to the extent the same are not immune from suit. ............... 3

   B. The State, not the County, is legally obligated to defend and
      indemnify the Sheriff's Defendants within the statutory terms of
      coverage................................................................................ 7

   C. Because Huffington's conviction has not been judicially overturned,
      his claims are barred by the statute of limitations and collateral
      estoppel, res judicata and/or judicial estoppel..................................... 16

CONCLUSION .............................................................................. 17

## TABLE OF CITATIONS

**Cases**                                                                                    **Page**

*Dorsey v. Sokoloff*,
381 F. Supp.3d 521 (D. Md. 2019), aff'd No. 19-1671,
2021 WL 5275535 (4th Cir. Nov. 12, 2021) .................................................................10

*Gilliam v. Sealey*,
932 F.3d 216 (4th Cir. 2019) .........................................................................................17

*Hayat v. Fairely*,
No. CIV WMN-08-3029, 2009 WL 2426011, at *10 (D. Md. Aug. 5, 2009) ..............8

*Imbler v. Pachtman*,
424 U.S.409 (1976).........................................................................................................6

*Johnson v. Baltimore Police Dep't*,
2020 WL 1169739 (D. Md. Mar. 10, 2020) ..............................................................2, 3

*Kennedy v. Widdowson*,
804 F. Supp. 737(D. Md. 1992) ...............................................................................5, 9, 11

*Ledergerber v. Blubaugh*,
No. CV JKB-20-1208, 2020 WL 7029868 (D. Md. 2020) ..........................7, 8, 11, 15

*McDonnell v. Hewitt-Angleberger*,
No. WMN-11-3284, 2012 WL 1378636 (D. Md. Apr. 19, 2012) ................................8

*McGowan v. Prince George's Cnty.*,
401 F. Supp.3d 564 (D. Md. 2019) ............................................................................11

*McMillian v. Monroe Cnty.*,
520 U.S. 781 (1997).......................................................................................................8

*Monell v. Dep't of Soc. Servs.,*
436 U.S. 658 (1978)...........................................................................1, 2, 3, 7, 11, 15

*Newell v. Runnels*,
407 Md. 578 (2009) .....................................................................................................4, 9

*Owens v. Baltimore City State's Atty's Off.*,
767 F.3d 379 (4th Cir. 2014) ........................................................................................17

*Powell v. State*,
16 Md. App. 685 (1973)..................................................................................................4

*Proctor v. Wells Fargo Bank, N.A.*,
289 F. Supp. 3d 676 (D. Md. 2018) ................................................................8

*Purnell v. Converse*,
No. 1:21-CV-3202-JMC, 2022 WL 17552552 (D. Md. Dec. 9, 2022) ........................8
*Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*,
822 F.2d 456 (4th Cir. 1987) ................................................................12

*Rossignol v. Voorhaar*,
321 F. Supp. 2d 642 (D. Md. 2004) ................................................................8

*Rucker v. Harford Cnty.*,
316 Md. 275 (1989) ................................................................7, 12

*Rucker v. Harford Cnty.*,
946 F.2d 278 (4th Cir. 1991) ................................................................7

*Runnels v. Newell*,
179 Md. App. 168 (2008) ................................................................4

*Santos v. Frederick Cnty. Bd. of Comm'rs*,
346 F. Supp.3d 785 (D. Md. 2018), *prior history*,
725 F.3d 451 (4th Cir. 2013) ................................................................11, 12, 13, 15

*Savage v. Maryland,*
896 F.3d 260 (4th Cir. 2018) ................................................................6

*Sinclair v. State*,
27 Md. App. 207 (1975) ................................................................4

*Valle v. Pressman*,
229 Md. 591 (1962) ................................................................4

*Van de Kamp v. Goldstein*,
555 U.S. 335 (2009) ................................................................6

*Washinton v. Pellegrini*,
125 F. 4th 118 (4th Cir. 2025) ................................................................16

*Will v. Michigan Dep't of State Police*,
491 U.S. 58 (1989) ................................................................6, 9

### Federal Statutes

8 U.S.C. § 1357.................................................................................................... 12

42 U.S.C. §1983.................................................................. 2, 5, 6, 7, 9, 10, 12, 15

### Maryland Constitutional Provisions

Maryland Constitution, Article V §§ 7,9........................................................ 3

Maryland Constitution, Article IV §§ 44-45 ................................................. 7

Md. Declar. of Rights § 5 ............................................................................... 13

### State Statutes

Md. Code Ann., Crim. Proc. § 15-102 ........................................................... 4

Md. Code Ann., Crim. Proc. § 15-401 ........................................................... 6

Md. Code Ann., Crim. Proc. § 15-413 ........................................................ 4, 6

Md. Code Ann., Cts. & Jud. Pro. §§ 5-301 *et seq.,* ........................... 2, 3, 12

Md. Code Ann., State Fin. & Proc. § 9-108................................. 10, 11, 13, 14, 15, 16

Md. Code Ann., State Gov't § 6-106 .............................................. 3, 7, 11

Md. Code Ann., State Gov't §§ 12-101-12-110................................. 3, 4, 8, 9, 10, 11

Md. Code Ann., State Gov't § 12-304 ................................. 4, 5, 9, 10, 11

Md. Code Ann., State Gov't § 12-305 ...................................................... 10

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

JOHN HUFFINGTON,                          *

      Plaintiff,                          *

v.                                        *          Case No.: 1:25-CV-02313-BAH

DAVID SANEMAN, et al.,                    *

      Defendants.                        *

    *    *    *    *    *    *    *    *    *    *    *

**HARFORD COUNTY'S REPLY TO**
**PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT HARFORD COUNTY'S MOTION TO DISMISS**

      Defendant, Harford County, Maryland (the "County"), through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 105, files this Reply to Plaintiff's Response in Opposition to Defendant Harford County's Motion to Dismiss. (Docket # 59 (hereinafter "# 59" or "Response to HC's Motion to Dismiss")).

**I.    OVERVIEW**

      Plaintiff, John Huffington ("Huffington"), concedes that "he is not asserting that the County is liable for any individual's conduct as the final policymaker of the County under *Monell*, or that the County is vicariously liable under a respondeat superior theory for the conduct of its employees." (# 59 at 1-2.) Instead, Huffington seeks to hold the County "derivatively liable pursuant to its Maryland state law obligations to indemnify the State's Attorney, Sheriff's Office, and employees thereof." (# 59 at 2.) Plaintiff fails to cite any case holding the County has derivative liability to indemnify the Estate of Joseph I. Cassilly and the Estate of Gerard Comen (the "State's Attorney Defendants") or David Saneman, the Estate of William Van Horn, and the

Estate of Bernadette Picha (the "Sheriff's Defendants") with respect to a lawsuit filed in Federal Court.

Preliminarily, a duty to indemnify generally arises out of an insurance relationship. The law does not sanction the filing of suit against an insurer. Suit must be filed against the tortfeasor. It is the obligation of the tortfeasor to notify the insurer of the claim/suit and to fulfill the contractual and/or statutory duties underpinning the coverage provided, *e.g.*, timely notice of the claim/lawsuit, cooperation, and conduct falling within the terms of the scope of coverage.

Huffington cites to the unreported case of *Johnson v. Baltimore Police Dep't*, 2020 WL 1169739 at *38 (D. Md. Mar. 10, 2020) for the proposition that he may plead an indemnification claim against the County to avoid the possibility of redundant litigation even prior to entry of judgment against a defendant entitled to indemnification. (# 59 at 6.) Similar to the majority of cases relied upon by Huffington, the case is entirely inapposite. The Baltimore Police Department is a local government police department and police officers employed by the department are city, *i.e.*, local government, employees, not State officers and employees. That fact is significant because a local government employee is capable of being sued in the employee's official capacity pursuant to 42 U.S.C. § 1983 because a local government is a "person" as that term is used within § 1983. *Johnson*, *supra* at *29 (a local government is a person subject to suit under § 1983 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978), at *37.)) A local government police officer sued for actions taken within the scope of the officer's employment is, in essence, a suit against the local government that is statutorily required, pursuant to the Maryland Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. ("CJP") §§ 5-301 *et seq.*, to defend and to indemnify its officer for judgments against the officer for conduct within the scope of the officer's employment undertaken without actual malice. CJP § 5-302(a) & (b). The

LGTCA defines Baltimore City as a "local government" and makes the city responsible for indemnification of its employee police officers.  CJP §§ 5-301(d)(4) & 5-302(a) & (b).  Thus, Baltimore City, unlike the State of Maryland which has Eleventh Amendment immunity, is subject to a *Monell* claim, *i.e.*, a policy practice or custom claim, brought pursuant to a § 1983 lawsuit. Additionally, Baltimore City, pursuant to the LGTCA, has a statutory duty to indemnify its employees for actions undertaken within the scope of employment.  Again, Huffington concedes that this case advances neither a *Monell* claim nor a respondeat superior claim.  Additionally, the State's Attorney and Sheriff's Defendants are State employees subject to State law and the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Gov't ("SG") §§ 12-101 through 12-110.  A case, such as *Johnson*, *supra*, addressing local government employees in a *Monell* context is inapposite.

As set forth fully in Parts II.A and II.B *infra*, State law makes the Maryland Attorney General responsible for defending the State's Attorney Defendants and the Sheriff's Defendants when they are sued in Federal court in the absence of immunity from suit.  No Maryland statute makes the County responsible for defending or indemnifying the State's Attorney Defendants or the Sheriff's Defendants when they are sued in Federal court.

Further, the County adopts all of the defenses and arguments for dismissal/judgment raised by the State's Attorney Defendants and the Sheriff's Defendants as if fully set forth herein.

## II.    ARGUMENT

### A.    The State is obligated to defend and indemnify the State's Attorney Defendants to the extent the same are not immune from suit.

Maryland law requires the Marland Attorney General to represent every officer and unit of State government.  SG § 6-106.  A county State's attorney and deputy/assistant State's attorneys are State constitutional officers.  Md. Consti. Art. V §§ 7, 9. "The office of state's attorney is an

official of the executive branch [of the State] and serves as a state rather than a local officer." *Sinclair v. State*, 27 Md. App. 207, 214 (1975), *cert. granted & reversed and remanded on other grounds*, 278 Md. 243 (1976) (citing *Powell v. State*, 16 Md. App. 685, 694-95 n. 1 (1973) & *Valle v. Pressman*, 229 Md. 591, 600 (1962)). The Harford County State's Attorney has the duty to "prosecute and defend **on the part of the State** all cases in which the **State** may be interested." Md. Code Ann., Crim. Proc. § 15-102 (emphasis added). Deputy and Assistant State's Attorneys are appointed by the State's Attorney and serve at the pleasure of the State's Attorney. Md. Code Ann., Crim Proc. § 15-413(c).

The MTCA constitutes the State's waiver of sovereign immunity for tort suits filed in State court arising out of the acts and omissions of State personnel within the scope of their public duties and without malice or gross negligence. *Newell v. Runnels*, 407 Md. 578, 635 (2009); SG §§ 12-110, 12-104(a)(1).

For purposes of tort indemnification, the MTCA defines "a State's Attorney of a county … or an employee of the office of a State's Attorney" as "State personnel." Md. Code Ann., State Gov't § 12-101(a)(8). The Maryland Supreme Court has recognized a county State's attorney as a "State defendant." *Newell v. Runnels*, 407 Md. 578, 591 (2009). A State's attorney is not a final policy maker of a county. *Runnels v. Newell*, 179 Md. App. 168, 216, 218-19, *cert. granted and aff'd in part and reversed in part on other grounds*, *Newell v. Runnels*, 407 Md. 578 (2008).

The Maryland Attorney General, not any county official, employee or agency, is statutorily obligated to defend a civil action brought against a "State officer or State employee … in a court … of the United States." SG § 12-304(a)(1)(i). The Attorney General may decline representation only "if, on the basis of [an] investigation, the Attorney General finds that: (1) the officer or employee was not acting within the scope of employment …; (2) the act or omission was

malicious; or (3) the act or omission was grossly negligent."  SG § 12-304(b)(1).  The State's Attorney Defendants cannot be sued in their official capacities under 42 U.S.C. § 1983 in Federal court because such claims are, in effect, suits against the State of Maryland and are barred by the Eleventh Amendment. *Kennedy v. Widdowson*, 804 F. Supp. 737, 741 (D. Md. 1992) (a suit against a county State's attorney in his official capacity is a suit against the State and a county State's attorney is not a person subject to suit in his official capacity under § 1983).  The Court has found as a matter of Federal law that a county State's attorney acting in his or her official capacity is the State of Maryland. *Id*.

If the State's Attorney Defendants seek legal representation, they are statutorily obligated to request representation from the Maryland Attorney General.  SG § 12-304(a)(1)(ii).  Again, the Office of the Attorney General must provide representation to the State's Attorney Defendants, unless, after investigation, the Attorney General finds that the State's Attorney Defendants were not acting within the scope of their employment and their actions were malicious or grossly negligent.  SG § 12-304(b).

No reported case to the knowledge of the County Attorney has ever held that a Maryland county is obligated to indemnify a State's attorney or deputy/assistant State's attorney sued pursuant to § 1983 or for any other unconstitutional or tortious act or omission.  Likewise, no reported case has ever held that a State's attorney or deputy/assistant State's attorney is a final policy maker for a Maryland county when investigating and prosecuting State crimes.  A State's attorney or deputy/assistant State's attorney, in prosecuting violations of State criminal laws, is enforcing and executing State law and policy, not County law or policy.

Huffington argues that because provisions in the Maryland Criminal Procedures Article make a county responsible for paying salaries, office and travel expenses of the State's Attorney

Defendants, the County has to pay judgments entered against them. (# 59 at 9-10.) Sections 15-401 and 15-413 of the Criminal Procedure Article address a county's obligation to fund the ordinary operating expenses of the State's Attorney's Office. Section 15-401 provides for payment of the State's Attorney's salary and office-related expenses consistent with law and established county practice, while § 15-413 requires the County to pay reasonable expenses necessary for the conduct of the office. *See* Md. Code Ann., Crim. Proc. §§ 15-401, 15-413. Read together, these provisions address administrative and operational funding only and neither authorize nor require the County to represent, defend civil actions against, or indemnify judgments against, the State's Attorney Defendants. To the contrary, the State Government Article expressly requires the Maryland Attorney General to defend, and authorizes the State to pay judgments against the State's Attorney Defendants. No canon of statutory interpretation logically expands the statutory obligation to fund salaries, office and travel expenses, which are ordinary operating expenses, into a duty to defend and indemnify. The argument is baseless and devoid of logic and case-law support.

In addition to the statutory immunity enjoyed by the State's Attorney Defendants, they enjoy common law prosecutorial immunity. *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018) (observing "that prosecutors are absolutely immune from damages liability when they act as advocates for the State" and that "[t]he public trust of the prosecutor's office would suffer were the prosecutor to have in mind his 'own potential' damages 'liability' when making prosecutorial decisions – as he might well were he subject to § 1983 liability." (citing *Imbler v. Pachtman*, 424 U.S.409, 424, 430-32 (1976) & *Van de Kamp v. Goldstein*, 555 U.S. 335, 341-42 (2009)). Furthermore, the State enjoys Eleventh Amendment immunity from suit in Federal Court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-66 (1989) (State officers cannot be sued in their

official capacity in Federal Court because § 1983 does not override a State's Eleventh Amendment immunity). Furthermore, as this Court recognized in *Ledergerber v. Blubaugh*, 2020 WL 7029868 at \*4-5 (D. Md. 2020) (*infra* at Part II.B at 15), the investigation and enforcement of State criminal laws is a State function for which the County has no § 1983 *Monell* liability. Again, Huffington fails to site to any statutory or case law holding that a Maryland county is derivatively required to indemnify a State's attorney or deputy/assistant State's attorney found to have civil liability for the execution of his or her investigative or prosecutorial duties.

**B.     The State, not the County, is legally obligated to defend and indemnify the Sheriff's Defendants within the statutory terms of coverage.**

Maryland law requires the Marland Attorney General to represent every officer and unit of State government. SG § 6-106. A deputy sheriff of a county is a State constitutional officer and a State employee. Md. Consti. Art. IV §§ 44-45; *Rucker v. Harford Cnty.*, 316 Md. 275, 290-91 (1989). A sheriff's deputy is the alter ego of the Sheriff, who is a State constitutional officer, and is an employee of the State. *Rucker v. Harford Cnty.*, 946 F.2d 278 (4th Cir. 1991); *Rucker v. Harford Cnty.*, 316 Md. 275, 277-78 (1989). The Maryland Supreme Court ruled:

- The Harford County Sheriff is a State Constitutional officer and a State official, not a County official. 316 Md. at 281, 285-86, 287-88, 289;

- The deputies are the alter-ego of the Sheriff and are State officers/employees. 316 Md. at 290-91; and

- The State is responsible for paying "the expenses associated with tort liability claims against the Harford County Sheriff, Deputy Sheriffs, or the Sheriff's Office … [and t]o the extent that the Maryland Tort Claims Act is otherwise applicable to particular tortious acts of a sheriff or deputy sheriff committed within the scope of employment, the State bears financial responsibility for judgments, settlements and defense costs in accordance with the terms, conditions and limitations of the Tort Claims Act." 316 Md. 297, 302.

Supporting the Maryland Supreme Court's rulings in *Rucker*, federal courts have similarly held that Maryland sheriffs and their deputies act as State officials when performing law enforcement

functions, and that any official-capacity liability rests with the State rather than the county. *See Rossignol v. Voorhaar*, 321 F. Supp. 2d 642, 651 (D. Md. 2004) (official-capacity claims against county sheriff and deputies barred by Eleventh Amendment because they are state officials when acting in law enforcement capacities); *see also Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 689–90 (D. Md. 2018) (sheriff and deputies performing law enforcement functions act as State officials, and the State bears financial responsibility for official acts); *see also McMillian v. Monroe Cnty.*, 520 U.S. 781, 785–86 (1997) (sheriff is a State actor when performing traditional law enforcement functions). Numerous unreported opinions from the Court have reached the same conclusion, consistently treating Maryland sheriffs and their deputies as State officials when carrying out law enforcement functions. *See Hayat v. Fairely*, No. CIV WMN-08-3029, 2009 WL 2426011, at *10 (D. Md. Aug. 5, 2009) ("this Court must rule in accordance with the long line of cases from this circuit finding county sheriffs, as well as deputy sheriffs, to be state actors under the Eleventh Amendment"); *see also Ledergerber v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *5 (D. Md. Nov. 30, 2020) (finding defendants to be state officials when enforcing Maryland criminal law); *see also McDonnell v. Hewitt-Angleberger*, No. WMN-11-3284, 2012 WL 1378636, at *4 n.3 (D. Md. Apr. 19, 2012) ("when engaged in law enforcement function, sheriffs and deputy sheriffs are considered state employees, not county employees"); *see also Purnell v. Converse*, No. 1:21-CV-3202-JMC, 2022 WL 17552552, at *7 ("Defendants acted as state officials at all times relevant to Plaintiff's claims, and the Eleventh Amendment bars all claims against Defendants in their official capacities").

The MTCA, *i.e.*, SG §§ 12-101 – 12-110, constitutes the State's waiver of sovereign immunity for tort suits filed in State court arising out of the acts and omissions of State personnel

within the scope of their public duties and without malice or gross negligence. *Newell v. Runnels*, 407 Md. 578, 635 (2009); SG §§ 12-110, 12-104(a)(1).

For purposes of tort indemnification, the MTCA defines a "deputy sheriff of a county" as "State personnel." Md. Code Ann., State Gov't § 12-101(6). The Maryland Supreme Court has repeatedly recognized a sheriff and a deputy sheriff as a "State Defendant." *E.g.*, *Newell v. Runnels*, 407 Md. 578, 591 (2009).

The Maryland Attorney General, not any county official, employee or agency, is statutorily obligated to defend a civil action brought against a "State officer or State employee … in a court … of the United States." SG § 12-304(a)(1)(i). The Attorney General may decline representation only "if, on the basis of [an] investigation, the Attorney General finds that: (1) the officer or employee was not acting within the scope of employment …; (2) the act or omission was malicious; or (3) the act or omission was grossly negligent." SG § 12-304(b)(1). The Sheriff's Defendants cannot be sued in their official capacity in Federal Court pursuant to a 42 U.S.C. § 1983 claim because such a suit is a suit against the State of Maryland, which is barred by the Eleventh Amendment. *Kennedy v. Widdowson*, 804 F.Supp. 737, 741 (D. Md. 1992) (a suit against a county sheriff and his deputy in their official capacity was a suit against the State and a county sheriff or deputy are not persons subject to suit in their official capacity under § 1983). The Court has found as a matter of Federal law that a county sheriff or deputy sheriff, when sued in their official capacity, is tantamount to a suit against the State of Maryland. *Id*. The State of Maryland is not a "person" as that term is used in 42. U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Thus, a State official or unit of government may not be sued in his, her or its official capacity in Federal Court absent a clear waiver by the State of Eleventh Amendment immunity. *Id*.

If the Sheriff's Defendants seek legal representation in a suit filed in Federal court, they are statutorily obligated to request representation from the Maryland Attorney General.  SG § 12-304(a)(1)(ii).  Again, the Office of the Attorney General must provide representation to the Sheriff's Defendants, unless, after investigation, the Attorney General finds that the Sheriff's Defendants were not acting within the scope of their employment and their actions were malicious or grossly negligent.  SG §§ 12-304.

No reported case has ever directly held that a Maryland county is obligated to defend and/or to indemnify a sheriff's deputy sued pursuant to § 1983 or for any other unconstitutional or tortious act or omission.  Likewise, no reported case has addressed the applications of SG §§ 12-304 and 12-305 on the duty of the Maryland Attorney General to represent a sheriff or deputy sued in Federal court.

Huffington contends that "the County is financially liable for the conduct of the Sheriff's Office defendants … based on the specific function being performed by the defendant, citing to Md. Code Ann., State Fin. & Proc. ("SFP") § 9-108 and *Dorsey v. Sokoloff*, 381 F. Supp.3d 521, 534 (D. Md. 2019), aff'd No. 19-1671, 2021 WL 5275535 (4th Cir. Nov. 12, 2021).  (# 59 at 6-7.)

SFP § 9-108(b) provides: "A county … **may** obtain the insurance to **provide the coverage and defense necessary under the Maryland Tort Claims Act** for personnel covered by this section."  Again, the MTCA waives the State's sovereign immunity for tort claims filed in a Maryland State court against a sheriff's deputy.  SG §§ 12-101(6), 12-104(a)(1), 12-110.  SFP § 9-108 does not obligate the County to provide any coverage, *i.e.*, a defense or indemnification, with respect to a lawsuit filed in Federal court.[1]  SFP § 9-108 provides a County with the option of providing such coverage.  Further, SFP § 9-108(c) provides the consequences if a county does not

---

[1] The MTCA is Subtitle 1 to Title 12 of the State Government Article.  SG § 12-110.  The MTCA applies only to a suit filed in a Maryland State court.  SG §§ 12-103(2), 12-104(a)(1).

provide coverage for law enforcement or correctional services of a sheriff or deputy sued in State Court. *See* SFP § 9-108(c) (the State, and only the State, may recoup the payment of litigation expenses other than compensation for time spent by an employee of the Attorney General, from taxes collected by the State but earmarked for a county). The MTCA does not waive the State's Eleventh Amendment Immunity from suit for a claim against a county State's attorney or a county deputy sued in Federal Court. SG §§ 12-103(1)(i) & (2); *Kennedy*, 804 F.Supp. at 741. Only the State is permitted to withhold State funds otherwise due and owing to the County if the County fails to provide the coverage required by SFP § 9-108(b)(1). SFP § 9-108(c)(1). Furthermore, and undoubtedly in recognition of the duty to defend placed on the Attorney General pursuant to Md. Code Ann., State Gov't §§ 6-106 & 12-304(a)(1)(i), the State cannot seek compensation from the County "for the time spent by any State employee working for the Attorney General." SFP § 9-108(c)(1). SFP § 9-108 addresses only a case filed in State court pursuant to the MTCA. SFP § 9-108(b); SG §§ 12-104(a)(1), 12-110. SFP § 9-108 is inapplicable to a case filed in Federal court against the sheriff or a deputy sued in their individual capacity.

Huffington cites to *McGowan v. Prince George's Cnty.*, 401 F. Supp.3d 564, 567 n.13 (D. Md. 2019); *Santos v. Frederick Cnty. Bd. of Comm'rs*, 346 F. Supp.3d 785, 798 (D. Md. 2018) and the unreported decision in *Ledergerber. v. Blubaugh*, No. CV JKB-20-1208, 2020 WL 7029868, at *11 (D. Md. Nov. 30, 2020) for the proposition that the County is obligated to pay "federal judgments based upon sheriffs' and deputies' law enforcement activity." (# 59 at 7-8.) Again, those cases are inapposite.

*McGowan* was a suit against the Prince George's County Police Department and four of its officers. 401 F. Supp.3d at 569. Thus, it was a suit against a local government and local government officers; it was not a suit against State employees. Again, under *Monell* and its

11

progeny, a local government and local government employees are included within the term "person" as that term is used in 42 U.S.C. § 1983, and thus are subject to being sued. Furthermore, the LGTCA defines Prince George's County police officers as employees of that county. CJP §§ 5-301(c) & 5-301(d)(1). Thus, Prince George's County was liable for claims made against a county police officer acting within his/her scope of employment. CJP §§ 5-302(a) & 5-303(a)(1) & (a)(3). The case does not address a county's liability or duty to indemnify arising out of a suit in federal court against a Sheriff's deputy that is a State employee and the alter ego of the Sheriff. *See Rucker v. Harford Cnty.*, 316 Md. 275, 290-91 (1989).

*Santos* was a suit under 42 U.S.C. § 1983 against two deputies that arrested an alien pursuant to a civil immigration warrant issued by Immigration and Customs Enforcement ("ICE") and the sheriff of Frederick County. 346 F. Supp.3d at 789. The Court observed that, pursuant to 8 U.S.C. § 1357(g), the U.S. Attorney General is authorized to enter into a written agreement with a "political subdivision of a State" (*e.g.*, a Maryland county) to identify, apprehend and detain an alien within the jurisdiction of the subdivision in accordance with the agreement and the requirements of that subsection. *Santos*, 346 F. Supp.3d at 789, 798-99. The Court further observed that the Fourth Circuit, "held in *Ram Ditta* [*v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987)] that a 'particular state entity may be entitled to immunity … if, in its operations, the state is the real party in interest.'" 346 F. Supp.3d at 798. The Court then recited the four factors weighed in making such determination. *Id*. The Court's decision as to Frederick County's liability hinged on two factors. First, the Court concluded that

SFP § 9-108 made the county liable for payment of any judgment against the sheriff and the arresting deputies.[2]  Second, the court observed:

> [O]nly Sheriff Jenkins has authority to set local immigration enforcement policy.  The 1357(g) program and FCSO [*i.e.*, the Frederick County Sheriff's Office] patrol guidelines are limited in jurisdiction to FCSO.  They have no statewide effect, as Sheriff Jenkins lacks authority to enter into such an agreement and set relevant guidelines on behalf of any other jurisdiction of the State itself. …
>
> Nothing about subjecting Sheriff Jenkins and the Deputies in their official capacities to this suit undermines Maryland State sovereignty. … There is no state policy at issue in this case.  The highly localized nature of the FCSO's participation in the 1357(g) program, the autonomous nature of its implementation, and the county's funding of any award in this case outweigh any identification of Sheriff Jenkins and the Deputies as state employees.

*Santos*, 346 F. Supp.3d at 799.

First, the County has no liability for defending or indemnifying the Harford County State's Attorney or members of his office, as more fully set forth above.  To the contrary, State law expressly makes the State liable for any claims against a State's Attorney or member of a State's Attorney's office to the extent the State does not enjoy immunity from such claims.

Second, SFP § 9-108 was not originally adopted until six years after the allegedly tortious conduct of the deputies in this case.  No court has ever opined that a county has an obligation to pay a judgment for a deputy's conduct that predates the adoption of SFP § 9-108.

Third, the criminal laws for which Huffington was convicted are Statewide in application and were adopted by the Maryland General Assembly or are State common law crimes ratified by the Maryland Constitution.  *See* Md. Declar. of Rights § 5.  Those laws are not applicable only

---

[2] Frederick County did not argue that SFP § 9-108 was inapplicable to a suit filed in Federal court as the County is contending in this case.  The Court did not identify that such a contention was made and thus failed to address the legal arguments advanced by the County in this case.

within Harford County and are not laws adopted by the County. The actions of the State's Attorney Defendants and the Sheriff's Defendants underpinning Huffington's Amended Complaint arise in the course of the implementation of State criminal laws and constitute state policies, practices and customs. Those actions were not undertaken at the behest or direction of the County or solely for the benefit of the County.

Fourth, the political decision to pardon Huffington was made by the Governor of Maryland, not the Harford County Sheriff, the Harford County State's Attorney, or any other official acting solely on behalf of the County. No court of law ever effectively nullified the criminal convictions of Huffington through the grant of a *Brady* petition, a motion for ineffective assistance of counsel, a petition for coerced confession or a petition alleging other unconstitutional proceedings or investigative or prosecutorial conduct. Likewise, no court ever granted Huffington a writ of actual innocence finding that he did not commit the crimes for which he was convicted. There is no State or Federal law that makes the County responsible for indemnifying the State's Attorney's Defendants or the Sheriff Defendants for their conduct in investigating and/or prosecuting a criminal who was subsequently politically pardoned. The County Attorney is unaware of any reported decision making a political pardon equivalent to a judicial determination of innocence or nullification of a criminal conviction.

Fifth, only the State ultimately may compel the County to fund a judgment entered against a sheriff or a deputy in an action brought pursuant to the MTCA in State court by set-off. SFP § 9-108(c). No State or Federal law requires the County to indemnify the Sheriff's Defendants for a judgment entered in a Federal civil lawsuit. The County does not have a contractual duty to indemnify the Sheriff's Defendants.

Finally, Huffington has not identified any unconstitutional policy of the Sheriff of Harford County and has failed to allege a practice or custom claim with sufficient factual specificity to advance a *Monell* claim based on a purported policy of the Sheriff. *See Santos*, 346 F. Supp.3d at 800.

In short, *Santos* is inapposite.

While the County was sued in *Ledergerber,* a judgment of dismissal was granted in favor of the County. *Ledergerber v. Blubaugh*, 2020 WL 7029868 (D. Md. 2020), at *4-5. Specifically, the Court determined:

> The acts of the Sheriff and his deputies at issue in the case involve the enforcement of Maryland criminal law. Corporal Blubaugh sought indictments from a Maryland grand jury, and his deputies acted on arrest warrants issued by the grand jury. Sheriff Gahler did not take any action that could be construed as a policy decision made on behalf of the County. Therefore, it is the State, not Harford County, which is answerable for the Sheriff's actions. As such, the § 1983 claim against Harford County will be dismissed.

*Ledergerber* at *4. Again, the deputies sued in this case were investigating and enforcing state criminal laws and assisting the State's Attorney Defendants with the investigation of the violations of State criminal laws. As the Court recognized in *Ledergerber*, the County has no § 1983 liability for the investigation and enforcement of Maryland criminal law. *Ledergerber* supports dismissal of the County as a defendant in this case.

The *Ledergerber* Court, at *11, observed: "At the outset of this matter, Harford County accepted tender of coverage and defense of the action, indicating its intent to utilize self-insurance to cover and defend the litigation under § 9-108(b)." The County has made no such proffer in the above-captioned case. The determinations in *Ledergerber* support an order of dismissal and grant of judgment in favor of the County.

The County maintains that it has no duty to indemnify for actions of the Sheriff's Defendants occurring six years prior to the original adoption of SPF § 9-108. If liability to Huffington exists, it exists due to a State political pardon, not any actions of the Sheriff's Defendants.

### C.    Because Huffington's conviction has not been judicially overturned, his claims are barred by the statute of limitations and collateral estoppel, res judicata and/or judicial estoppel.

The fallacy on which Huffington relies to preserve his claims from dismissal due to the statute of limitations or the doctrines of collateral estoppel, res judicata and/or judicial estoppel is that a political pardon has the same legal impact as a judicial determination of innocence or a judicial nullification of conviction and grant of a new trial. Simply, there will no longer be a rule of law if the vicissitudes of politics are permitted to supplant the judicial determinations required to nullify a criminal conviction or to set aside a conviction and order a new trial. Politics is no longer a process that inspires trust and public confidence. If a political decision is permitted to replace the legal principles underpinning the rule of law, we are well down the path of anarchy or tyranny.

None of the cases on which Huffington relies involve a situation where solely a political pardon, as opposed to a judicial declaration of innocence or nullification of conviction and order of a new trial underpin the civil relief of an improperly convicted plaintiff. Below is a brief analysis of each case relied upon by Huffington:

- *Washinton v. Pellegrini*, 125 F. 4th 118, 121 (4th Cir. 2025) (# 59 at 12): "We hold that **the state court decision** granting Appellant a writ of actual innocence was inconsistent with the prior post-conviction ruling that the recantation by the prosecution's sole witness was incredible, thereby precluding application of collateral estoppel." (Emphasis added.)

- *Owens v. Baltimore City State's Atty's Off.*, 767 F.3d 379, 387 (4th Cir. 2014) (# 59 At 12 n.2): A State court granted the convicted plaintiff a new trial after DNA evidence established that the convicted plaintiff's "DNA did not match the blood and semen evidence found at the scene of the crime … [and] **the State's Attorney entered a *nolle prosequi*, dropping the charges against him**."

- *Gilliam v. Sealey*, 932 F.3d 216, 226 (4th Cir. 2019) (# 59 at 13): Based on newly developed DNA evidence and the investigative report of the North Carolina Innocence Inquiry Commission, the "**court vacated** [convicted plaintiffs'] **convictions and sentences** …, dismissed with prejudice all charges in the cases, and ordered [the convicted plaintiffs'] immediate release."

Huffington has not cited any case where the basis for denying a motion to dismiss based on the expiration of a statute of limitations or on the doctrines of collateral estoppel, res judicata or judicial estoppel was a political pardon.  The Court should refrain from making new law by declaring that a political pardon is the legal equivalent of a judicial determination of innocence or a judicial nullification of conviction and remand for new trial.

## CONCLUSION

For the reasons set forth above, and in all of the dispositive motions and papers filed on behalf of Defendants, the County respectfully requests the Court to grant judgment in its favor, dismissing the Amended Complaint against the County with prejudice and without leave to amend.

17

Respectfully submitted,

/s/ *Jefferson L. Blomquist*
Jefferson L. Blomquist
Federal Bar No. 03770
County Attorney
jlblomquist@harfordcountymd.gov

/s/ *Joseph G. Comeau*
Joseph G. Comeau
Federal Bar No. 20561
Litigation Attorney
jgcomeau@harfordcountymd.gov

/s/ *J. Ethan Clasing*
J. Ethan Clasing
Federal Bar No. 30293
Litigation Attorney
jeclasing@harfordcountymd.gov

Harford County Department of Law
220 S. Main Street, 3rd Floor
Bel Air, MD 21014
410-638-3205 – phone
410-879-7651 – facsimile

*Attorneys for Harford County, Maryland*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of January 2026 a copy of *Harford County's Reply to Plaintiff's Response in Opposition to Defendant Harford County's Motion to Dismiss* was filed electronically upon all parties entitled to service in this action.

Respectfully submitted,

/s/ *Jefferson L. Blomquist*
Jefferson L. Blomquist